NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOEL LAURANT; BETYNA JN FRANCOIS BAPTISTE; J. L. L.-J. F. B., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5306 <br><br> Agency Nos. <br> A220-562-879 <br> A220-562-880 <br> A220-562-881 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2026**
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Lead petitioner Joel Laurant, native and citizen of Haiti and former resident of Chile, and co-petitioners his wife and minor child petition for review of the Board of Immigration Appeals' ("BIA's") decision dismissing their appeal of the Immigration Judge's ("IJ's") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  We deny the petition for review.

1.  We have jurisdiction under 8 U.S.C. § 1252.  Where, as here, the BIA agreed "with several of the [IJ]'s findings while adding its own reasoning," we review the decisions of "both the BIA and the [IJ] to the extent that the BIA agreed with the [IJ]'s conclusions." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022).  We review adverse credibility determinations, as well as denials of asylum, withholding, and CAT protection for substantial evidence.  *See Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025).  "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. . . ." *Id.* (citation omitted).

Substantial evidence supports the agency's adverse credibility determination.  The agency deemed Petitioners not credible because their

---

[1] The child is a derivative beneficiary of Petitioner's application for asylum under 8 U.S.C. § 1158(b)(3)(A).  The child did not file their own application for CAT and withholding of removal and does not have a derivative claim for withholding of removal or CAT relief.  *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (withholding of removal and CAT relief "may not be derivative").

testimony contained inconsistencies and because Petitioners were unresponsive to questioning. The IJ and BIA cited specific "specific and cogent reasons" based on the record to support the adverse credibility determination. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020).

The agency's determination rests on repeated nonresponsive answers by Laurant, inconsistencies in the testimony regarding Laurant's mother's time of death and when Petitioners reported her murder, and inconsistencies in Petitioners' testimony regarding the origin of and explanation for a certificate which documented an alleged attack at the family home that was central to Petitioners' claims. The agency gave Petitioners sufficient opportunity to explain any evasiveness and inconsistencies, and their explanations do not compel a contrary conclusion. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021).

Petitioners argue that difficulties with translation may have contributed to their apparent evasiveness and inconsistent testimony. But, as the BIA noted, Petitioners asked for clarification only a handful of times from the translator as necessary, Petitioners' counsel never objected to the translation, and the transcript reveals that Petitioners understood and properly responded to the lines of questioning. Given the absence of credible testimony, Petitioners have not demonstrated entitlement to relief for asylum and withholding of removal because "the remaining evidence in the record is insufficient to carry [their] burden of

establishing eligibility for relief." *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

2. Substantial evidence supports the agency's denial of CAT relief. To qualify for CAT relief, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). The agency considered the objective evidence in the record and found it did not demonstrate that Petitioners' future torture is more likely than not, or that police would acquiesce if notified. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (stating that "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence"). Petitioners point to no evidence in the record that compels a contrary conclusion.

**PETITION DENIED.**[2]

---

[2] The stay of removal will remain in place until the mandate issues. Petitioners' motion to stay removal, Dkt. 2, is otherwise denied.

25-5306